

**Service of Process Transmittal**
01/07/2016
CT Log Number 528429331

TO: Alan Cooke
Kinder Morgan Energy Partners, L.P.
1001 Louisiana St Ste 1000
Houston, TX 77002-5089

RE: **Process Served in Louisiana**

FOR: Southern Natural Gas Company, L.L.C. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Vintage Assets, Inc., Pltf. vs. Tennessee Gas Pipeline Company, L.L.C. and Southern Natural Gas Company, L.L.C., Dfts. |
| DOCUMENT(S) SERVED: | Citation, Petition |
| COURT/AGENCY: | PLAQUEMINES; 25TH JUDICIAL DISTRICT COURT, LA<br>Case # 00062659 |
| NATURE OF ACTION: | Property Damage Litigation - T15S E14E: W 1/2 of Sec. 4 (See document for additional properties ) |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Baton Rouge, LA |
| DATE AND HOUR OF SERVICE: | By Process Server on 01/07/2016 at 09:20 |
| JURISDICTION SERVED: | Louisiana |
| APPEARANCE OR ANSWER DUE: | Within 15 days after service |
| ATTORNEY(S) / SENDER(S): | S. Jacob Braud<br>Ballay, Braud & Colon, PLC<br>8114 Highway 23, Suite 101<br>Belle Chase, LA 70037<br>504-394-9841 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 01/07/2016, Expected Purge Date: 01/12/2016<br><br>Image SOP<br><br>Email Notification, Brandy Mitchell brandy_mitchell@kindermorgan.com<br><br>Email Notification, Alan Cooke Alan_Cooke@kindermorgan.com<br><br>Email Notification, Sheila Roberts Sheila_Roberts@kindermorgan.com<br><br>Email Notification, Alan Cooke Alan_Cooke@kindermorgan.com |
| SIGNED:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378<br>612-333-4315 |

EXHIBIT A

Page 1 of 1 / SB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## CITATION

**FOR SERVICE**

**VINTAGE ASSETS INC**

Versus

**TENNESSEE GAS PIPELINE CO LLC ET AL**



Case: **00062659**
Division: **A**
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: SOUTHERN NATURAL GAS COMPANY, LLC
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Monday, December 21, 2015.

Req. By:
S. JACOB BRAUD
ATTORNEY FOR PLAINTIFF
504-394-9841

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

**Service Information**

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service   $_____
                              By: _____
Mileage   $_____            Deputy Sheriff

Total      $_____

[ ORIGINAL ]

1-22-16



**Service of Process Transmittal**
01/07/2016
CT Log Number 528429383

TO: Alan Cooke
Kinder Morgan Energy Partners, L.P.
1001 Louisiana St Ste 1000
Houston, TX 77002-5089

RE: **Process Served in Louisiana**

FOR: Tennessee Gas Pipeline Company, L.L.C. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Vintage Assets, Inc., Pltf. vs. Tennessee Gas Pipeline Company, L.L.C and Southern Natural Gas Company, L.L.C., Dfts. |
| DOCUMENT(S) SERVED: | Citation, Petition |
| COURT/AGENCY: | PLAQUEMINES; 25TH JUDICIAL DISTRICT COURT, LA<br>Case # 00062659 |
| NATURE OF ACTION: | Property Damage Litigation - T15S R14E: W 1/2 of Sec. 4 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Baton Rouge, LA |
| DATE AND HOUR OF SERVICE: | By Process Server on 01/07/2016 at 09:20 |
| JURISDICTION SERVED: | Louisiana |
| APPEARANCE OR ANSWER DUE: | Within 15 days after service |
| ATTORNEY(S) / SENDER(S): | S. Jacob Braud<br>Ballay, Braud & Colon, PLC<br>8114 Highway 23, Suite 101<br>Belle Chase, LA 70037<br>504-394-9841 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 01/07/2016, Expected Purge Date: 01/12/2016<br><br>Image SOP<br><br>Email Notification, Brandy Mitchell  brandy_mitchell@kindermorgan.com<br><br>Email Notification, Alan Cooke  Alan_Cooke@kindermorgan.com<br><br>Email Notification, Sheila Roberts  Sheila_Roberts@kindermorgan.com<br><br>Email Notification, Alan Cooke  Alan_Cooke@kindermorgan.com |
| SIGNED:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378<br>612-333-4315 |

Page 1 of 1 / SB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CITATION**        **FOR SERVICE**

**VINTAGE ASSETS INC**

Versus

**TENNESSEE GAS PIPELINE CO LLC ET AL**



Case: **00062659**
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: TENNESSEE GAS PIPELINE COMPANY, LLC
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Monday, December 21, 2015.

Req. By:
S. JACOB BRAUD
ATTORNEY FOR PLAINTIFF
504-394-9841

Deputy Clerk of Court for
Dorothy M. Lundin, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

**Service Information**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service    $_____
                       By: _____
Mileage    $_____       Deputy Sheriff

Total      $_____

[ ORIGINAL ]

25TH JUDICIAL DISTRICT COURT PARISH OF PLAQUEMINES

STATE OF LOUISIANA

NO. 62-659                                   DIVISION A

VINTAGE ASSETS, INC.

VERSUS

TENNESSEE GAS PIPELINE COMPANY, L.L.C
AND SOUTHERN NATURAL GAS COMPANY, L.L.C.

FILED: _____                 FILED
                                  DEC 18 2015
                                  DEPUTY CLERK

*************************************************************

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, VINTAGE ASSETS, INC., and in support of the Petition for Damages states as follows:

**Parties**

1.

Petitioner, Vintage Assets, Inc. ("hereinafter "Petitioner") is a Louisiana corporation domiciled in Orleans Parish, Louisiana.

2.

Made defendants herein are the following:

a. TENNESSEE GAS PIPELINE COMPANY, L.L.C., a Delaware limited liability company with its principal business establishment in Houston, Texas, individually and as successor-in-interest to TENNESSEE GAS TRANSMISSION COMPANY.

b. SOUTHERN NATURAL GAS COMPANY, L.L.C., a Delaware limited liability company with its principal business establishment in Houston, Texas, individually and as successor-in-interest to SOUTHERN NATURAL GAS COMPANY.

(Hereinafter collectively referred to as "Defendants").

**Venue**

3.

Venue is proper in this court pursuant to the Louisiana Code of Civil Procedure art. 74, because the wrongful conduct occurred in, the damages were sustained in, and Petitioner's

Property is located in Plaquemines Parish.

### Allegations

4.

Petitioner is an owner of an undivided interest in property located throughout the east bank of Plaquemines Parish that is subject to right of way servitudes pursuant to which Defendants' have dredged canals and laid pipelines on Petitioner's Property including within the following areas:

- T15S R14E:   W 1/2 of Sec. 4
- T16S R15E:   Sec 17, 23, 24, 29, 31, and 32
- T16S, R16E:  N/2 Sec. 19 and NW/4 Sec. 20
- T17S R15E:   Sec 5

(Collectively referred to as "Petitioner's Property").

5.

Petitioner's Property is composed of coastal wetlands. Prior to the activities complained of herein, the marsh was healthy with consistent marsh vegetation and a stable hydrologic ecosystem.

6.

Defendants entered into right of way agreements pursuant to which they dredged canals and installed/constructed pipelines on Petitioner's Property.

7.

The right of ways include, but are not limited to, the following:

a. Upper Realty, Inc. to Southern Natural Gas Company, January 9, 1953, C.O.B. 166, Folio 197;

b. Lenmark Lands, Inc. to Southern Natural Gas Company, January 9, 1953, C.O.B. 166, Folio 199;

c. Lenmark Lands, Inc., et al. to Tennessee Gas Transmission Company, August 19, 1957, C.O.B. 200, Folio 881;

d. Manning Oil Corp., et al. to Southern Natural Gas Company, February 13, 1958, C.O.B. 204, Folio 847;

e. Lenmark Lands, Inc., et al. to Tennessee Gas Transmission Company, July 3, 1958, C.O.B. 208, Folio 861;

f. Upper Realty, Inc., et al. to Tennessee Gas Transmission Company, May 1, 1964, C.O.B. 274, Folio 325;

g. Lenmark Lands, Inc. to Southern Natural Gas Company, June 15, 1970, C.O.B. 354, Folio 289;

h. Lenmark Lands, Inc. to Southern Natural Gas Company, June 15, 1970, C.O.B. 354, Folio 297.

8.

Petitioner is a direct successor in interest to the above referenced grantor entities referenced in paragraph 7, above.

9.

It was understood and agreed by Defendants that they would maintain adequate protection to prevent erosion across the width of the right-of-way.

10.

The Defendants failed to maintain the canals and banks on Petitioner's Property. The failure to maintain is continuing. The result of Defendants' failures to maintain the canals and banks has resulted in the widening of the canals and erosion of Petitioner's Property.

11.

Defendant's continuing failure to maintain the pipeline canals and banks has altered the hydrology of the marsh and has adversely impacted the marsh's ecology.

12.

The failure to maintain the pipeline canals and banks by Defendants has adversely impacted the property as the canals have widened, and continue to widen, significantly beyond the scope allowed by the right of way agreements.

13.

Defendants' failure to maintain the pipeline canals and banks and restore the damaged property is continuing and has caused, and continues to cause, severe ecological damage to Petitioner's Property by altering and/or destroying the natural hydrology of the property, in addition to causing loss of acreage due to continuing erosion.

14.

Petitioner avers that the Defendants have breached their right of way agreements by failing to maintain the pipeline canals and banks and by failing to restore the property that has been damaged as a result of Defendants continuing failures.

15.

The above referenced right of ways are still in full force and effect.

16.

Petitioner avers that the damage done by Defendants' continuing failure to maintain the pipeline canals and banks commenced a continuous course of conduct that has damaged and continues to damage Petitioner's Property.

17.

The Defendants are jointly and solidarily liable.

### Contract Claims

18.

Petitioner incorporates by reference all previous allegations in the preceding paragraphs as if fully set forth herein.

19.

Pursuant to the above referenced right of ways, conventional predial servitudes were created whereby the Defendants became the dominant estate owners while Petitioner is a co-owner of the servient estate.

20.

Defendants breached the express terms of the referenced right of ways in addition to the implied obligations therein pursuant to the suppletive rules regarding servitudes as set forth in the Louisiana Civil Code arts. 697, et seq. by failing to:

a. Maintain the canals and their banks to prevent erosion of the surrounding property;
b. Protect the servient estate against damage resulting from use of the servitude;
c. Not aggravate the condition of the servient estate;
d. Prevent the canals from widening;
e. Prevent the canal banks from being breached;
f. Use only so much of Petitioner's Property as necessary to conduct operations;
g. Act as a reasonably prudent operator to cause the least possible damage, and
h. Restore the property.

21.

Defendants breached their express and implied obligations pursuant to the right of ways including those set forth in paragraph 20, above. Defendants' failure to maintain the canals and restore the adjacent property constitutes a breach of their obligations to not aggravate and cause the least possible damage to the servient estate pursuant to the Louisiana Civil Code including articles 730, 743, and 745.

22.

Defendants have breached and continue to breach the foregoing obligations.

23.

Defendants' duties to not aggravate the condition of the servient estate are co-extensive with the life of the servitudes and accordingly are continuous.

24.

Accordingly, Defendants are in continuing breach of those obligations and duties, both express and implied, based upon the right of ways.

25.

Petitioner avers that it is entitled to damages caused by the Defendants' breach of those obligations and is entitled to injunctive relief in the form of abatement and restoration of the land loss and to maintain and repair the canal banks.

**Negligence Claims**

26.

Petitioner incorporates by reference all previous allegations in the preceding paragraphs as if fully set forth herein.

27.

The Defendants knew, or in the exercise of reasonable care, should have known that their acts and/or omissions outlined herein would cause the damages outlined herein and could have been prevented in the exercise of reasonable care.

28.

Defendants owed a duty to Petitioner to:

a. Maintain the canals and their banks to prevent erosion of the surrounding property;
b. Protect the servient estate against damage resulting from use of the servitude;
c. Not aggravate the condition of the servient estate;
d. Prevent the canals from widening;
e. Prevent the canal banks from being breached;
f. Use only so much of Petitioner's Property as necessary to conduct operations;
g. Act as a reasonably prudent operator to cause the least possible damage, and
h. Restore the property.

29.

Yet, Defendants failed, and continue to fail, to exercise such reasonable care and have breached the duties outlined above.

30.

The breach of the duties referenced above have caused widening of the canals and erosion of Petitioner's Property.

31.

Thus, in accordance with La.C.C. art. 2315, Petitioner avers that it is entitled to damages caused by the Defendants' acts and omissions and is entitled to injunctive relief in the form of abatement and restoration of the land loss and to maintain and repair the canal banks.

### Trespass

32.

Petitioner incorporates by reference all previous allegations in the preceding paragraphs as if fully set forth herein.

33.

Additionally and in the alternative, Petitioner avers that due to Defendants' failure to maintain their canals, the resulting encroachment of said canals constitutes a trespass that is continuing in nature and that Petitioner is entitled to have abated.

34.

Petitioner avers that it is entitled to damages caused by the Defendants' acts and omissions and is entitled to injunctive relief in the form of abatement and restoration of the land loss and to maintain and repair the canal banks.

35.

Petitioner requests a trial by jury.

WHEREFORE, Petitioner prays that:

A. Defendants be served with a copy of this Petition for Damages and be cited to appear and answer thereto within the delays allowed by law.

B. There be judgment with interest from date of judicial demand, until paid, and all costs of these proceedings, in favor of Petitioner and against Defendants, finding that Defendants are liable, jointly and solidarily, for damages caused by the Defendants' acts and omissions and is entitled to injunctive relief in the form of abatement and restoration of the land loss and to maintain and repair the canal banks.

C. There be a judgment for injunctive relief in the form of abatement and restoration of Petitioner's Property.

D. Such other and further relief be granted in favor of Petitioner which the Court

deems necessary and proper at law and in equity and that may be just and reasonable under the circumstances in this matter.

Respectfully submitted,

BALLAY, BRAUD & COLON, PLC

_____
S. JACOB BRAUD (LSBA #28318)
8114 Highway 23, Suite 101
Belle Chasse, Louisiana 70037
Telephone: (504) 394-9841
Facsimile: (504) 394-9945
Jacob@NolaAttorneys.com

PLEASE SERVE:

Tennessee Gas Pipeline Company, LLC
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

Southern Natural Gas Company, LLC
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

A TRUE COPY
Dy. Clerk of Court
Parish of Plaquemines, La.