## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**VINTAGE ASSETS, INC.**                          **CIVIL ACTION**

**VERSUS**                                         **NO: 16-713**

**TENNESSEE GAS PIPELINE**                         **SECTION: "H"**
**COMPANY, L.L.C. ET AL.**

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 9). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Vintage Assets, Inc. claims that its property, located in Plaquemines Parish, has been damaged by the widening of canals used by the Defendants, Tennessee Gas Pipeline Company, L.L.C. and Southern Natural Gas Company, L.L.C. Between 1953 and 1970, Defendants' predecessors received multiple right-of-way servitudes on Plaintiff's property, which authorized the construction and operation of pipelines and dredge canals. Defendants have dredged canals and laid pipelines pursuant to these

1

agreements.  Plaintiff alleges that its property has suffered damage because of Defendants' failure to maintain the pipeline canals and banks.    Plaintiff alleges that this failure has caused ecological damages and loss of acreage due to erosion.

In this diversity action, Plaintiff brings state law claims for breach of contract, negligence, and trespass, and seeks injunctive relief in the form of abatement and restoration of the land loss.  Plaintiff also seeks injunctive relief for the maintenance and repair of the canal banks.  Defendants have filed a Motion to Dismiss seeking dismissal on the following grounds: (1) the Federal Energy Regulatory Commission ("FERC") represents the appropriate forum for adjudication of this claim, (2) FERC is in a superior position to issue injunctive relief, and (3) Plaintiff has failed to state a claim based on Louisiana Civil Code article 697.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1]  A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3]  The court need not, however, accept as true legal conclusions couched as factual allegations.[4]  To be legally sufficient, a complaint must establish more than a "sheer possibility" that the

---

[1] *Ashcroft v. Iqbal*, 566 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[2] *Id*.
[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.

2

plaintiff's claims are true.[5]  If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6]  The court's review "is limited to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[7]

## LAW & ANALYSIS

Defendants' Motion asks this Court to refer this case to FERC and stay these proceedings pending guidance from FERC.  In addition, it requests dismissal of some of Plaintiff's claims.  This Court will address each of Defendants' arguments in turn.

### I. Referral to FERC

Defendants allege that all of the pipelines at issue are interstate pipelines certified by FERC.  According to Defendants, FERC has "the most technical knowledge and streamline[d] procedures" for issues relating to interstate pipelines and must approve all actions, including operations and maintenance, involving those pipelines.  Defendants argue, therefore, that FERC is in the best position to adjudicate Plaintiff's claims and oversee any injunctive relief granted.  In their Motion, Defendants ask this Court to "invoke the primary jurisdiction doctrine by referring questions to FERC and administratively closing the case as to them while FERC considers the outstanding issues."[8]  However, in their reply they seem to retreat from this request, stating instead that they are not asserting that FERC has primary jurisdiction over this suit and are only asking that "the Court refer the suit to

---

[5] *Id.*
[6] *Lormand*, 565 F.3d at 255-257.
[7] *Jones v. Bock*, 549 U.S. 199, 215 (2007).
[8] Doc. 8, p. 4.

FERC now in order to get FERC's inevitable input at the beginning of this litigation."[9]

Defendants argue that FERC's input is inevitable due to the nature of the relief sought by the Plaintiff and as such, it would be expedient to garner FERC's input at the beginning of this litigation.  Defendants cite a number of advantages in referring this suit to FERC including: (1) FERC's relief could be implemented immediately, while relief provided by this Court would still require FERC approval, (2) FERC has a superior process for addressing suits like this one, and (3) FERC's team of experts could assess the most feasible method of implementing its plan, while the Court would necessarily have to rely on experts introduced by the parties to select a plan, which would still require FERC approval.

Perceived benefits of referral aside, Defendants have not provided this Court with any theory of law or case supporting such a referral.  In *Bernstein v. Atlantic Ritchfield Co.*, another court in this District addressed a similar issue.[10]  The plaintiff in *Bernstein* sought "all manner of abatement and restoration" for the FERC-certified pipelines at issue.[11]  The defendants argued that because the pipelines were FERC certified pursuant to the Natural Gas Act (NGA), the petition raised federal issues and should therefore not be remanded to state court.[12]  The defendants argued that the plaintiff's request for injunctive relief implicated FERC's exclusive authority regarding the abandonment and relocation of pipelines.[13]  The court rejected this argument, pointing out that the petition made no mention of the NGA or any other federal

---

[9] Doc. 19, p. 5.
[10] *Bernstein v. Atl. Richfield Co.,* No. 15-630, 2015 WL 3454740, at *1 (E.D. La. May 29, 2015).
[11] *Id.*
[12] *Id.*
[13] *Id.*

law and that the petition did not seek abandonment or relocation.[14]  The court noted that "the state court is fully capable of using its discretion to determine whether injunctive relief is available, or whether monetary damages would adequately remedy Plaintiff's injuries."[15]

This Court finds that the logic applied in *Bernstein* should likewise apply here.  In this matter, Plaintiff's claims resound entirely in state law, and it has not requested the abandonment or relocation of the pipelines at issue.  The Louisiana Supreme Court has stated that nothing in the NGA prevents a court from making "a determination that the defendant's continued use of the pipeline at issue is a violation of Louisiana's property, tort, and contract laws"—as Plaintiff has requested here.[16]  Referral of this case to FERC would require FERC to make these state law determinations. "[S]urely Congress could not have intended to give the FERC jurisdiction over property, tort, and contract disputes in all fifty states."[17]  This Court can determine no reason why Plaintiff's claims should not be adjudicated in this forum, and Defendants arguments touting FERC's benefits are not sufficient legal grounds for their request.   Accordingly, Defendants request for referral is denied.

## II. Failure to State a Claim for Breach of Contract

Next, Defendants allege that Plaintiff cannot rely on the implied obligations in Louisiana Civil Code article 697 to establish a claim for breach of contract.  Article 697 states that predial servitudes, like the one at issue here, are "regulated by the title by which they are created, and, in the absence of such regulation, by" the rules provided for in the Civil Code.  Under these rules, "the dominant estate owner must not aggravate the condition of the

---

[14] *Id.*
[15] *Id.*
[16] *Terrebonne Par. Sch. Bd. v. Koch Gateway Pipeline Co.*, 769 So. 2d 1178, 1179 (La. 2000).
[17] *Id.*

servient estate."[18]   Plaintiff argues that Defendants have violated this obligation by allowing the canals to widen and erode the Plaintiff's land.

Defendants argue that because the servitudes at issue were established by right-of-way agreements, no "absence of regulations" exists for implied obligations to apply.  In addition, Defendants argue that Plaintiff has not plead the existence of a gap in express provisions in order to rely on suppletive law.

In *Terrebonne Parish School Board v. Columbia Gulf Transmission Co.*, the Fifth Circuit held that because a servitude agreement did not determine whether or not the dominant estate owner had a continuing duty to maintain the pipeline canal at issue and prevent erosion of the canal banks, the suppletive rules of the Louisiana Civil Code applied.[19]  The court stated that the Civil Code rules "come into play when issues are not explicitly disposed of in the writings of the parties."[20]  Accordingly, the existence of a servitude agreement does not preclude Plaintiff from relying on suppletive law in bringing its claims.  To the extent that the servitude agreements do not address Defendants' obligations of maintenance, the rules of the Civil Code will apply.

In addition, Defendants cite no law for their proposition that Plaintiff must have pleaded the agreements' silence on these matters in order to rely on suppletive law.  It is well-settled that a complaint need not "articulate a perfect statement of the legal theory supporting the claim asserted."[21]  Plaintiff's Complaint makes clear that it alleges that Defendants breached their obligations under both the express terms of the agreements and the implied obligations of suppletive law.   Such an allegation is sufficient to put

---

[18] *Terrebonne Par. Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 316 (5th Cir. 2002).
[19] *Id.*
[20] *Id.*
[21] *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015).

Defendants on notice of Plaintiff's claims. Accordingly, Defendants' motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons the Motion to Dismiss (Doc. 8) is DENIED.

New Orleans, Louisiana this 26th day of July, 2016.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**