# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VINTAGE ASSETS INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-713** |
| **TENNESSEE GAS PIPELINE CO. ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) and to Stay Proceedings (Doc 226). For the following reasons, it is DENIED.

## BACKGROUND

The background facts of this case have been detailed at length in the Court's previous orders. Familiarity with those orders is assumed. On August 22, 2017, this Court issued an Order and Reasons on several motions for summary judgment, holding that Defendants had a contract duty to maintain the pipeline servitude canals at issue and dismissing Plaintiffs' claims for trespass and negligence. On August 28, the Court issued an additional Order and Reasons, denying Defendants' motions for summary judgment seeking to limit damages. Defendants now move for a certification for interlocutory

appeal pursuant to 28 U.S.C. § 1292(b) as to some of the issues addressed in those orders.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292, a court can allow for interlocutory appeal of orders without directing entry of a final judgment on the order. For an interlocutory order to be appealable pursuant § 1292(b), three conditions must be satisfied. The trial judge must certify in writing that the order: (1) involves a controlling question of law, (2) substantial ground for difference of opinion on that question of law exists, and (3) immediate appeal from the order may "materially advance the ultimate termination of [the] litigation."[1] The moving party carries the burden of showing the necessity of interlocutory appeal.[2] Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment."[3]

## LAW AND ANALYSIS

The Court finds that Defendants have not met their burden of showing that interlocutory appeal is appropriate. First, "a question of law is controlling if reversal would terminate the litigation."[4] Here, even if the Court's prior rulings were reversed and Defendants were found to have no duty to maintain

---

[1] 28 U.S.C. § 1292.
[2] Chauvin v. State Farm Mut. Auto. Ins. Co., Nos. 06-7145, 06-8769, 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007).
[3] *Id.* (quoting Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co., 702 F.2d 67, 68–69 (5th Cir. 1983)).
[4] Decena v. Am. Int'l Cos., No. 11-1754, 2012 WL 1640455, at *2 (citing Breeden v. Transocean Offshore Ventures, No. 00-2561, 2001 WL 125343, at *1).

2

the canals, it would still be necessary to try Plaintiff's claim regarding Defendants' breach of the duty to install dams or bulkheads pursuant to the 1970 rights-of-way. That claim remains pending before the Court.

Next, Defendants argue that there are substantial grounds for a difference of opinion because the Court's opinion conflicts with the Fifth Circuit's ruling in *Ryan v. Southern Natural Gas Company*. Defendants' arguments are the same as those that were raised and rejected in their motions for summary judgment. This Court does not see its opinion as contradictory to *Ryan*, and rather, finds *Ryan* to be distinguishable for the reasons addressed in this Court's prior opinion. This Court therefore does not see this matter as being one with substantial grounds for difference of opinion. "[T]he mere fact that a party disagrees with the district court's ruling is insufficient to establish that there is a substantial ground for a difference of opinion."[5] In addition, simply being the first court to rule on a question does not qualify the issue as one over which there is substantial disagreement.[6]

Lastly, "in determining whether certification will materially advance the ultimate termination of the litigation, the district court considers whether it will eliminate the need for trial, eliminate complex issues, or streamline issues to simplify discovery."[7] As already addressed, even reversal will not eliminate the need for a trial. In addition, the parties do not contend that the Fifth Circuit's affirmance of this Court's decision will spawn settlement.

---

[5] Southern U.S. Trade Ass'n v. Unidentified Parties, No. 10-1669, 2011 WL 2790182, at *2 (E.D. La. 2011).

[6] Ryan v. Flowserve Corp., 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006).

[7] In re Stewart, No. 09-3521, 2009 WL 2461672, at *2 (E.D. La. 2009) (citing In re Babcock & Wilcox Co., No. 00-1154, 2000 WL 823473 at *2 (E.D. La. 2000)).

In conclusion, this Court finds that Defendants have not satisfied their heavy burden of demonstrating that the requirements of § 1292(b) have been met. Accordingly, their Motion for certification of an interlocutory appeal is denied.

## CONCLUSION

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 31st day of August, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**