UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VINTAGE ASSETS, INC.** | NO. 2:16-cv-00713 |
| versus | Section H |
| **TENNESSEE GAS PIPELINE COMPANY, L.L.C. AND SOUTHERN NATURAL GAS COMPANY, L.L.C.** | Judge Jane Triche Milazzo |
| | Magistrate Judge Michael North |

### SOUTHERN NATURAL GAS COMPANY, L.L.C.'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Southern Natural Gas Company, L.L.C. ("SNG") hereby amends its original Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents ("Discovery Requests"), amending the specific Responses identified below by replacing the prior Responses with the Responses below, as follows.

### I. PREFATORY STATEMENT

SNG's responses and objections are made on the basis of information and documents currently available to and located by SNG upon reasonable investigation. It is possible that future discovery and independent investigation may lead to the discovery of additional documents, facts, or information, may add meaning to known facts, and/or may establish entirely new factual conclusions and contentions, all of which may lead to substantial additions through changes in and variations from the answers or responses set forth herein. SNG will supplement and/or amend these Discovery Responses, if necessary, in accordance with all applicable requirements.

Furthermore, since propounding the Discovery Requests on SNG, Plaintiff has filed a First Supplemental and Amended Complaint ("Amended Complaint"), which adds new plaintiffs

7647860_1


EXHIBIT 1

to this action and alters the property originally placed at issue by this suit. SNG makes no representation as to whether any pipeline, canal, or any other activity, operation, or feature identified in the following Discovery Responses is located on or near Plaintiffs' property.

SNG further notes that it previously stored files at a facility in St. Bernard Parish, and many such files were destroyed or damaged by Hurricane Katrina in 2005. Moreover, SNG sold all of its pipelines located on Plaintiffs' property in 2011, and many documents relevant to its former pipelines may be in the possession of a third party.

The following Responses to the Discovery Requests are made solely for the purposes of this action. SNG is producing documents in response to the Discovery Requests in the form provided herein—multi-page "PDF" format with Bates numbers. Spreadsheets and image files are being produced in their native format with Bates numbers.

## II. RESERVATION OF RIGHTS

SNG's decision to provide information notwithstanding the objectionable nature of any of the Discovery Requests is not a waiver of any applicable objections. Preserving all objections, and without waiving any objection with respect to the subsequent use of these Responses or otherwise, SNG specifically reserves: (a) all questions as to the competence, privilege, relevance, materiality, and admissibility of these Responses or documents submitted herewith; (b) the right to object to the use of these Responses or documents submitted herewith in any subsequent suit or proceedings or otherwise; (c) the right to object on all or any proper grounds at any time to other discovery procedures involving or related to these Responses or documents submitted herewith; and, (d) the right at any time to revise, correct, clarify, supplement and/or amend these Responses as information becomes available in this litigation or otherwise.

Further, a Response indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that SNG performed any of the acts described in the Request, and/or Instructions applicable to the Request, or that SNG acquiesces in the characterization of the conduct or activities contained in the Request and/or Instructions applicable to the Request. These Responses are made without prejudice to, and are not a waiver of, SNG's right to rely on other facts or documents at trial.

### III. GENERAL OBJECTIONS

SNG asserts the following general objections to each of the Discovery Requests:

A. SNG objects to the Discovery Requests to the extent they do not comply with the applicable procedural rules. By providing the following responses to the Discovery Requests, SNG does not waive its rights to object specifically to improper or impermissible requests for production.

B. SNG objects to the Discovery Requests to the extent they seek documents that are privileged under the attorney-client privilege, work product, joint defense, or any other privilege or basis for non-disclosure.

C. SNG objects to the Discovery Requests to the extent they are not limited to relevant time periods or the property at issue in this matter. Specifically, SNG objects to the scope of the Discovery Requests to the extent they seek documents or information regarding the entire Breton Sound Basin area, statewide, nationwide, or unlimited geographically.

D. SNG objects to the Discovery Requests to the extent they seek documents that are generally available through public records, or is more easily obtainable by the Plaintiff through some other source.

E. SNG objects to the Discovery Requests insofar as they seek documents that are not relevant to the Plaintiff's claims and/or SNG's defenses.

F. SNG objects to instructions in the Discovery Requests that are inconsistent with the requirements of the Federal Rules of Civil Procedure.

### IV. OBJECTIONS TO DEFINITIONS

A. SNG objects to the definitions of **"you,"** and **"your"** in the Discovery Requests on the grounds that:

- They are vague, ambiguous, overly broad, and unduly burdensome;

3

- They call for information that is protected by attorney-client privilege, other applicable privileges, and are not relevant to the subject of this action; and

- They exceed the limits of permissible discovery under the Federal Rules of Civil Procedure.

SNG responds to these Discovery Requests solely on its own behalf.

B. SNG objects to the definition of **"document"** in the Discovery Requests on the grounds that:

- It calls for information that is not relevant to the subject of this action;

- It exceeds the limits of permissible discovery under the Federal Rules of Civil Procedure;

- It is overly broad and unduly burdensome; and

- To the extent it encompasses expert reports, it is premature under the Federal Rules of Civil Procedure.

Without prejudice and subject to its objections, SNG will treat "document" to mean the materials described within its possession, custody, or control.

C. SNG objects to the definition of **"policy"** in the Discovery Requests on the grounds that it is vague, ambiguous, and overly broad including but not limited to because it is unbounded in time, unrestricted in topic or relevance to this action, and the phrase "common understanding of any course of conduct which is or was recognized as such" is sufficiently vague, ambiguous, and overbroad to encompass any shared understanding on any matter whatsoever from the inception of SNG to the present.

D. SNG objects to the definition of **"canals"** in the Discovery Requests on the grounds that it is vague, ambiguous, and overly broad including, but not limited to, because the terms "spoil banks, pumps, equipment, weirs, dams, dikes, pilings, plugs and bulk heads" are undefined, vague, ambiguous, and overly broad. SNG further objects to the definition on the basis that "canals that traverse throughout the Breton Sound Basin" is vague and ambiguous.

E. SNG objects to the definition of **"Breton Sound Basin"** in the Discovery Requests on the grounds that it is vague, ambiguous, and overly broad including, but not limited to, because the areas referred to in the definition, including "Bayou La Loutre," "Mississippi River Gulf Outlet," "Baptiste Collete Bayou," and "Breton Island" are themselves undefined, vague and ambiguous, and are subject to natural fluctuations in size and location.

4

## V. RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify all right of ways, agreements, leases, servitudes, surface leases related to Plaintiffs Property in which you or your predecessor(s) or successor(s) in interest are or were a party or otherwise have or had a financial or other interest. For each right of way, agreement, lease, servitude, or surface lease, your response should include: (a) the names of the parties to the original agreement; (b) an identification of any amendments, sales, transfers, assignments, sub-lease agreements, or releases; (c) the names of any assignors, assignees, vendees, sub-lessors, or sub-lessees, (d) the date of execution of the original agreement and amendments thereto, and the date of execution of any sale, transfer, assignment, sub-lease, or release; (e) the names of the parties to said agreements; and (1) the applicable book, page, and entry number of any document identified in your response, if said document is recorded in the public records.

**ANSWER TO INTERROGATORY NO. 1:**

SNG objects to this Interrogatory on the grounds that the request to identify all right of ways, agreements, leases, servitudes, and surface leases "related to" Plaintiffs' property is not limited to contracts and agreements to which Plaintiffs were parties or which do not directly cover Plaintiffs property, and therefore is overly broad because it seeks identification of contracts and agreements which have no bearing on Plaintiffs' claims and for which Plaintiffs cannot claim a breach. SNG also objects to this Interrogatory to the extent it seeks information about the operations of any person or entity other than SNG. A request that SNG identify such contracts and agreements despite the fact that they do not pertain to operations of SNG would be unduly burdensome, and any such request should be directed to the party conducting such operations. SNG further objects to this Interrogatory to the extent it seeks information that is contained in the public record, is already in the possession of Plaintiff, or is more easily obtainable by Plaintiff from some other source, and therefore requests that SNG perform work on Plaintiffs' behalf and for which Plaintiffs are equally suited. Subject to and without waiving any of its objections, SNG responds by identifying the following right of ways that may be

responsive to this Interrogatory (which are further reflected in documents produced with SNG's Response to Request for Production No. 1):

1) Right of Way from the State of Louisiana to Southern Natural Gas Company, dated January 14, 1953, recorded at Book 165, Page 712 of the Plaquemines Parish Conveyance Records;

2) Right of Way from Upper Realty, Inc. to Southern Natural Gas Company, dated January 9, 1953, recorded at Book 166, Page 197 of the Plaquemines Parish Conveyance Records;

3) Right of Way from Lenmark Lands Inc. to Southern Natural Gas Company, dated January 9, 1953, recorded at Book 166, Page 199 of the Plaquemines Parish Conveyance Records;

4) Right of Way from Joyce Vaughan Clark Porter, et al., to Southern Natural Gas Company, dated September 7, 1967, recorded at Book 316, Page 1013 of the Plaquemines Parish Conveyance Records;

5) Right of Way from Paul G. Portie and Adele W. Portie to Southern Natural Gas Company, dated September 26, 1967, recorded at Book 317, Page 260 of the Plaquemines Parish Conveyance Records;

6) Right of Way from Gordon H. Clark and Grace Patricia Clark to Southern Natural Gas Company, dated September 27, 1967, recorded at Book 317, Page 262 of the Plaquemines Parish Conveyance Records;

7) Right of Way from the State of Louisiana to Southern Natural Gas Company, dated June 19, 1970, recorded at Book 352, Page 292 of the Plaquemines Parish Conveyance Records;

8) Right of Way from Lenmark Lands, Inc., et al., to Southern Natural Gas Company, dated June 15, 1970, recorded at Book 354, Page 289 of the Plaquemines Parish Conveyance Records;

9) Right of Way from Upper Realty, Inc., et al., to Southern Natural Gas Company, dated June 15, 1970, recorded at Book 354, Page 297 of the Plaquemines Parish Conveyance Records;

10) Right of Way from Manning Oil Corporation, et al., to Southern Natural Gas Company, recorded at Book 204, Page 847 of the Plaquemines Parish Conveyance Records.

**INTERROGATORY NO. 3:**

Please identify all regulatory compliance notices that you have received from any regulatory or governmental agencies (including federal, state, and local) regarding the dredging, use, operation, and/or maintenance of each canal identified in response to Interrogatory No. 2. As part of your response, please include the names of all management level employees and all contractors or consultants involved with these matters identifying their roles, their relationship to you, and when they were involved with said activities.

**ANSWER TO INTERROGATORY NO. 3:**

SNG objects to this Interrogatory on the grounds that it seeks a response pertaining to all canals that "traverse Plaintiff's Property," and to the extent this Interrogatory seeks a response pertaining to any portion of such a canal that is not located on Plaintiffs' property, it is overly broad. SNG further objects to this Interrogatory on the basis that it requests a narrative response constructed from a review of possibly relevant documents, and that the information sought is as easily obtained by Plaintiffs reviewing such documents as by SNG performing such a review. This Interrogatory therefore places an undue burden on SNG, which burden should more properly be borne by Plaintiffs. SNG further objects to this Interrogatory to the extent it seeks information that is contained in the public record, is already in the possession of Plaintiff, or is

7

more easily obtainable by Plaintiff from some other source, and therefore places an undue burden on SNG to perform work on behalf of Plaintiffs.

Subject to and without waiving any of its objections, and after conducting a reasonable inquiry and search of the company's records, SNG responds that it has not received any compliance orders with respect to canals associated with pipelines traversing Plaintiffs' property.

**INTERROGATORY NO. 9:**

Please identify each pipeline installed, owned, and/or operated by you that traverses Plaintiff's Property providing the following information:

    a. size of each line;
    b. originating point(s) of each line and the final destination(s);
    c. what materials and/or hydrocarbons are being transported in said lines;
    d. who the purchaser of said hydrocarbons is/are;
    e. how much revenue has been generated in each line since installation providing yearly revenues.

**ANSWER TO INTERROGATORY NO. 9:**

SNG objects to this Interrogatory on the grounds that it seeks a response pertaining to each pipeline that "traverses Plaintiff's Property," and to the extent this Interrogatory seeks a response pertaining to any portion of such a pipeline that is not located on Plaintiffs' property, it is overly broad. SNG further objects to this Interrogatory on the basis that it requests a response constructed from a review of possibly relevant documents, and that the information sought is as easily obtained by Plaintiffs reviewing such documents as by SNG performing such a review. This Interrogatory therefore places an undue burden on SNG, which burden should more properly be borne by Plaintiffs. SNG further objects to this Interrogatory to the extent it seeks information that is contained in the public record, is already in the possession of Plaintiff, or is more easily obtainable by Plaintiff from some other source, and therefore places an undue burden on SNG to perform work on behalf of Plaintiffs.

Subject to and without waiving its objections, SNG responds by identifying the following pipelines and information requested by this Interrogatory:

The Main Pass Franklinton Line ("Franklinton Line") is a 20" pipeline originating in Section 17, T19S, R18E, Plaquemines Parish, Louisiana, and terminating in Franklinton, Louisiana.

The Olga – Gate 6 Loop Line ("Olga Loop Line") is a 26" pipeline originating in Section 17, T19S, R18E, Plaquemines Parish, Louisiana, and terminating in Section 19, T16S, R15E ("Gate 6"), Plaquemines Parish, Louisiana. This pipeline is also sometimes referred to as the Main Pass Franklinton Loop Line.

The Black Bay Junction – Gate 6 Line ("Black Bay Line") is a 12" pipeline originating in Section 21, T16S, R16E, and terminating at Gate 6 in Plaquemines Parish, Louisiana.

The Gate 6 – Toca Loop Line ("Toca Loop Line") is a 20" pipeline originating at Gate 6, Plaquemines Parish, Louisiana, and terminating at Toca, Louisiana. This pipeline is also sometimes referred to as the Main Pass Franklinton Loop Line.

The Gate 6 – Toca 2nd Loop Line ("Toca 2nd Loop Line") is a 26" pipeline originating at Gate 6, Plaquemines Parish, Louisiana, and terminating at Toca, Louisiana. This pipeline is also sometimes referred to as the Main Pass Franklinton 2nd Loop Line.

SNG further responds that the pipelines identified above are "cross country pipelines" which may be composed of various segments of differing nature including size, function, flow direction, maintenance activity, installation year, and installation method. As such, SNG's responses above pertain only to the portions of such pipelines which may traverse Plaintiffs' property.

SNG further responds that the above pipelines were sold by SNG in 2011. At the time SNG operated the above pipelines, they were used to transport natural gas. Because the above pipelines were operated by SNG as common carrier pipelines, the product they transported was sold on the open market.

Information provided in this response can be found in the documents produced with SNG's Supplemental Response to Request for Production No. 9, below.

**INTERROGATORY NO. 12:**

Please identify all regulatory compliance notices that you have received from any regulatory agencies (including federal, state, and local) regarding the installation, operations, and/or maintenance of each pipe line identified in response to Interrogatory No. 9. As part of your response, please include the names of all management level employees and all contractors or consultants involved with these matters identifying their roles, their relationship to you, and when they were involved with said activities.

**ANSWER TO INTERROGATORY NO. 12:**

SNG objects to this Interrogatory on the grounds that it seeks a response pertaining to each pipeline that "traverses Plaintiff's Property," and to the extent this Interrogatory seeks a response pertaining to any portion of such a pipeline that is not located on Plaintiffs' property, it is overly broad. SNG further objects to this Interrogatory on the basis that it requests a narrative response constructed from a review of possibly relevant documents, and that the information sought is as easily obtained by Plaintiffs reviewing such documents as by SNG performing such a review. This Interrogatory therefore places an undue burden on SNG, which burden should more properly be borne by Plaintiffs. SNG further objects to this Interrogatory to the extent it seeks information that is contained in the public record, is already in the possession of Plaintiff, or is more easily obtainable by Plaintiff from some other source, and therefore places an undue burden on SNG to perform work on behalf of Plaintiffs.

10

Subject to and without waiving any of its objections, and after conducting a reasonable inquiry and search of the company's records, SNG responds that it has not received any compliance orders with respect to the portions of its pipelines which traverse Plaintiffs' property.

**INTERROGATORY NO. 13:**

Please identify all spills, leaks, or releases of any materials from the pipelines identified in response to Interrogatory No. 9 providing the date of each release, materials that was released, and to what governmental or regulatory entities that it was reported.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 13:**

SNG objects to this Interrogatory on the grounds that it seeks a response pertaining to each pipeline that "traverses Plaintiff's Property," and to the extent this Interrogatory seeks a response pertaining to any portion of such a pipeline that is not located on Plaintiffs' property, it is overly broad. SNG further objects to this Interrogatory on the basis that it requests a narrative response constructed from a review of possibly relevant documents, and that the information sought is as easily obtained by Plaintiffs reviewing such documents as by SNG performing such a review. This Interrogatory therefore places an undue burden on SNG, which burden should more properly be borne by Plaintiffs. SNG further objects to this Interrogatory to the extent it seeks information that is contained in the public record, is already in the possession of Plaintiff, or is more easily obtainable by Plaintiff from some other source, and therefore places an undue burden on SNG to perform work on Plaintiffs' behalf for which Plaintiffs are equally suited.

Subject to and without waiving its objections, and after conducting a reasonable inquiry and search of the company's records, SNG responds that the pipelines identified in its Answer to Interrogatory No. 9 were not the source of any spills, leaks, or releases of materials on Plaintiffs' property during the time SNG owned and operated such pipelines.

11

## VI. RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce a copy of all documents identified in, that relate to or support your response to Interrogatory No. 1.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

SNG objects to this Request on the grounds that the request to produce all right of ways, agreements, leases, servitudes, and surface leases "related to" Plaintiffs' property is not limited to contracts and agreements to which Plaintiffs were parties or which do not directly cover Plaintiffs property, and therefore is overly broad because it seeks production of contracts and agreements which have no bearing on Plaintiffs' claims and for which Plaintiffs cannot claim a breach. SNG also objects to this Request to the extent it seeks documents pertaining to the operations of any person or entity other than SNG. A request that SNG produce such contracts and agreements despite the fact that they do not pertain to operations of SNG is unduly burdensome, and any such request should be directed to the party conducting such operations. SNG further objects to this Interrogatory to the extent it seeks documents that are contained in the public record, are already in the possession of Plaintiff, are no longer in the possession of SNG, or are more easily obtainable by Plaintiff from some other source, and therefore places an undue burden on SNG to perform work on Plaintiffs' behalf for which Plaintiffs are equally suited.

Subject to and without waiving any of its objections, SNG responds by producing documents identified as KM_SNG_000001 – 000043; and KM_SNG_000175 – 000180.

### REQUEST FOR PRODUCTION NO. 9:

Please produce a copy of all documents identified in, that relate to or support your response to Interrogatory No. 9.

7647860_1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

SNG objects to this Request on the grounds that it seeks a response pertaining to each pipeline that "traverses Plaintiff's Property," and to the extent this Request seeks a response pertaining to any portion of such a pipeline that is not located on Plaintiffs' property, it is overly broad. SNG further objects to this Request to the extent it seeks documents that are contained in the public record, are already in the possession of Plaintiff, are no longer in the possession of SNG, or are more easily obtainable by Plaintiff from some other source, and therefore places an undue burden on SNG to perform work on Plaintiffs' behalf for which Plaintiffs are equally suited.

Subject to and without waiving any of its objections, SNG responds by producing documents identified as KM_SNG_000044 – 000076; KM_SNG_000099 – 000104; and KM_SNG_000108 – 000152.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all applications, forms, maps, diagrams showing the permitted and/or actual location, depth, width, length of any right-of-ways and/or canals you acquired on Plaintiff's Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

SNG objects to this Request to the extent it assumes or implies that any production of documents indicating locations, depths, widths, or lengths of right-of-ways or canals constitute an assertion or admission that such data are accurate. SNG further objects to this Request to the extent it seeks documents that are contained in the public record, are already in the possession of Plaintiff, are no longer in the possession of SNG, or are more easily obtainable by Plaintiff from some other source, and therefore requests that SNG perform work on Plaintiffs' behalf for which Plaintiffs are equally suited.

7647860_1

Subject to and without waiving any of its objections, SNG responds by producing documents identified as KM_SNG_000044 – 000073; and KM_SNG_000175 – 000180.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all drawings, plans, maps, surveys, and diagrams evidencing the location, scope, length, width, depth of the right of ways on Plaintiff's Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

SNG objects to this Request to the extent it assumes or implies that any production of documents indicating locations, scopes, lengths, widths, or depths of right-of-ways constitute an assertion or admission that such data are accurate. SNG further objects to this Request to the extent it seeks documents that are contained in the public record, are already in the possession of Plaintiff, are no longer in the possession of SNG, or are more easily obtainable by Plaintiff from some other source, and therefore places an undue burden on SNG to perform work on Plaintiffs' behalf for which Plaintiffs are equally suited. SNG further objects to this Request on the grounds that it is needlessly duplicative of Request No. 19, which contains nearly identical language but makes a broader request for documents evidencing the "permitted and/or actual" details for both right-of-ways and canals located on Plaintiffs' Property.

Subject to and without waiving any of its objections, SNG responds by producing documents identified as KM_SNG_000044 – 000073; and KM_SNG_000175 – 000180.

**REQUEST FOR PRODUCTION NO. 42:**

Produce all site plans, maps, surveys, plats, surface or aerial photographs, infra-red images, slides, video, films, drawings, schematics, sketches, cross-sections, plats, graphs, and computer-generated images which depict and/or relate to the pipelines and/or canals which traverse Plaintiff's Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

SNG objects to this Request to the extent it assumes or implies that any production of documents depicting pipelines or canals constitutes an assertion or admission that data contained on such documents are accurate. SNG further objects to this Request to the extent it seeks documents that are contained in the public record, are already in the possession of Plaintiff, are no longer in the possession of SNG, or are more easily obtainable by Plaintiff from some other source, and therefore places an undue burden on SNG to perform work on Plaintiffs' behalf for which Plaintiffs are equally suited.

Subject to and without waiving any of its objections, SNG responds by producing documents identified as KM_SNG_000065 – 000094; KM_SNG_000156 – 000157; KM_SNG_000162 – 000163; KM_SNG_000166; KM_SNG_000170; KM_SNG_000172 – 000174; and KM_SNG_000181 – 000197.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all documents, diaries, logbooks, reading files, and other such writings kept by all of your former and present employees, contractors, and agents regarding any periodic or routine inspections of the canals and pipelines that traverse Plaintiff's Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

SNG objects to this Request to the extent it assumes or implies that any documents produced by employees or representatives of SNG pursuant to any inspection of canals or pipelines contain accurate data. SNG further objects to this Request to the extent it seeks documents that are no longer in the possession of SNG or are more easily obtainable by Plaintiff from some other source, and therefore places an undue burden on SNG to perform work on Plaintiffs' behalf for which Plaintiffs are equally suited.

7647860_1

Subject to and without waiving any of its objections, SNG responds by producing documents identified as KM_SNG_000077 – 000094; KM_SNG_000153 – 000159; and KM_SNG_000161 – 000172.

Respectfully Submitted:

_[signature]_

Richard D. McConnell, Jr. (#29973)
Esteban Herrera, Jr. (#20859)
Jeffrey N. Boudreaux (#26810)
Samuel O. Lumpkin (#35213)
**KEAN MILLER LLP**
II City Plaza, Suite 700
400 Convention Street
Post Office Box 3513
Baton Rouge, Louisiana 70821-3513
Telephone: (225) 387-0999
esteban.herrera@keanmiller.com
jeffrey.boudreaux@keanmiller.com
richard.mcconnell@keanmiller.com
sam.lumpkin@keanmiller.com


Michael R. Phillips (#21020)
Claire E. Juneau (#33209)
**KEAN MILLER LLP**
First Bank and Trust Tower, Suite 3600
909 Poydras Street
New Orleans, Louisiana 70112
Telephone: (504) 585-3050
mike.phillips@keanmiller.com

***Attorneys for Southern Natural Gas Company, L.L.C.***

7647860_1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was served on all counsel of record by email, facsimile, or by placing a copy in the United States Mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 12th day of October, 2016.

_____
Samuel O. Lumpkin

7647860_1