UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VINTAGE ASSETS, INC., ET AL.,** | \* CIVIL ACTION NO. 2:16-cv-00713 |
| | \* |
| Plaintiffs, | \* SECTION H |
| | \* |
| versus | \* |
| | \* JUDGE JANE TRICHE MILAZZO |
| **TENNESSEE GAS PIPELINE** | \* |
| **COMPANY, L.L.C. & SOUTHERN** | \* |
| **NATURAL GAS COMPANY, L.L.C.** | \* MAGISTRATE JUDGE MICHAEL |
| | \* NORTH |
| Defendants. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## POST-HEARING MEMORANDUM IN SUPPORT OF MOTION FOR COSTS AND FEES RELATED TO REMAND

During this Court's hearing on Plaintiffs' Motion for Costs and Fees Related to Remand (R. Doc. 317), counsel for the High Point entities for the first time pointed this Court to an Eleventh Circuit decision as support for denial of Plaintiffs' Motion—*Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017). *Purchasing Power*, however, is distinguishable, with that distinction only further bolstering an award of fees and costs in this matter. As noted by the High Point entities' counsel, the Eleventh Circuit in *Purchasing Power* reversed an award of fees and costs for the failure by one of the parties to accurately drill down through all the layers of its limited liability company structure after a diversity-based removal. 851 F.3d at 1228. The critical distinction, however, is that the LLC in *Purchasing Power* was the removed plaintiff, Purchasing Power, LLC, not the removing defendant, Bluestem Brands, Inc. This distinction matters precisely on the issue of burden—the question this Court put to both parties in today's hearing.

In *Purchasing Power*, the plaintiff LLC's counsel emailed counsel for the defendant, Bluestem, to inform them that no members of the LLC were residents of Bluestem's states of citizenship. *Id.* at 1221. Bluestem then relied on that email as the basis for its representation of the

- 1 -

existence of diversity in its removal petition. *Id.* When Bluestem later inquired into the identity and citizenship of the members of the plaintiff LLC, the plaintiff (Purchasing Power) objected to the discovery request. *Id.* at 1221-22. The district court subsequently sanctioned Purchasing Power's counsel. *Id.* at 1222. The Eleventh Circuit reversed, holding both parties accountable ***because Bluestem, as removing defendant, maintained the burden to show diversity jurisdiction:***

> Although Bluestem carried the burden of establishing diversity jurisdiction ***at all times***, the district court excused Bluestem's failure because Purchasing Power objected during discovery to a request aimed at establishing jurisdiction. An objection does not relieve Bluestem of its duty to establish diversity jurisdiction. Bluestem had a responsibility to raise the issue of Purchasing Power's objection with the court. Failure to bring the issue to the district court was a failure of its duty as the removing party. Purchasing Power's actions do not excuse this failure.

*Id.* at 1225-26 (emphasis added).

Simply put, the Eleventh Circuit reversed because it found both sides at fault: (1) the removed plaintiff's counsel was at fault for failing to inquire sufficiently into its own members' citizenship; (2) the removed plaintiffs were at fault for objecting to discovery requests into their members' citizenship; and (3) the removing defendant was at fault because the ultimate burden of establishing diversity jurisdiction remained with it "at all times." ***Here,*** by contrast, all three failures are on the defendants' side of the case (and all defendants were represented together by shared counsel): (1) defendants' counsel failed to inquire sufficiently into the High Point entities' constituent citizenship; (2) the High Point defendants incompletely answered and objected to discovery requests that would have revealed the High Point entities' constituent citizenship; and (3) as confirmed in *Purchasing Power*, the ultimate burden of establishing diversity jurisdiction remained "at all times" with the removing defendants—such that it was the removing defendants, not Plaintiffs, who had the duty to raise the issue with the court.

One other key distinction is that, in *Purchasing Power*, the court emphasized repeatedly that no effort was made to verify whether diversity jurisdiction existed. *Id.* at 1220-21 ("… no one

verified it"), 1222 ("… no one bothered to investigate"). Here, Plaintiffs sought through written discovery and in their designation of 30(b)(6) topics to discover the relevant information, but were stymied by incomplete responses and objections. Furthermore, at today's hearing the High Point entities' counsel admitted the High Point entities knew to make an inquiry before representing in their Answer that diversity jurisdiction existed, but that the inquiry was faulty.[1] The fees and costs for unnecessary litigation arising from a reckless disregard for the proper inquiry are a natural consequence of such an admitted mistake.

Accordingly, *Purchasing Power* does not—contrary to the High Point entities' counsel's argument at today's hearing—support denial of Plaintiffs' motion. Indeed, it actually highlights how the burden, as well as the breaches of duty, all rest with the defendants and their counsel, such that Plaintiffs should be awarded all reasonable fees and costs.[2]

                                              Respectfully submitted,

                                              */s/ H.S. Bartlett III*
                                              **FISHMAN HAYGOOD, L.L.P.**
                                              James R. Swanson (La. #18455)
                                              Lance C. McCardle (La. #29971)
                                              Benjamin D. Reichard (La. #31933)
                                              E. Blair Schilling (La. #35308)
                                              201 St. Charles Avenue, Suite 4600

---

[1] Indeed, this admission also removes this case from the situation in *Purchasing Power* where the court took the district court to task for not being vigilant as to jurisdiction. *Id.* at 1228. Here, with defendants engaging in a faulty inquiry into their constituent layers of membership, no amount of vigilance by the Court or by the Plaintiffs may have uncovered the defect. Defendants, and defendants alone, had full control of the information.

[2] Notably, the *Purchasing Power* court also examined the necessity under Eleventh Circuit law for a finding of subjective bad faith as a prerequisite for fees and costs under the Court's inherent power; but that court also specifically noted that 28 U.S.C. § 1927 and Rule 11 did *not* require a finding of subjective bad faith. Here, Plaintiffs have cited Rules 11 and 37 as the source of defendants' and their counsel's duties here, and 28 U.S.C. § 1927, 28 U.S.C. § 1447(c), Rule 37, ***and*** the Court's inherent powers as sources of the requested remedy for breach of those duties. Further, as argued in Plaintiffs' reply memorandum (R. Doc. 326, at 8-9), the Fifth Circuit has found a reckless disregard for the duty to reasonably inquire constitutes bad faith. *Gonzalez v. Fresenius Medical Care N. Am.*, 689 F.3d 470, 480 (5th Cir. 2012).

        New Orleans, Louisiana 70170
        Telephone: (504) 586-5252
        Facsimile: (504) 586-5250

        **BALLAY, BRAUD & COLON, PLC**
        S. Jacob Braud (La. #28318)
        8114 Highway 23, Suite 101
        Belle Chasse, Louisiana 70037
        Telephone: (504) 394-9841
        Facsimile: (504) 394-9945

        **JONES, SWANSON, HUDDELL**
           **& GARRISON, L.L.C.**
        Gladstone N. Jones, III (La. #22221)
        Kevin E. Huddell (La. #26930)
        Eberhard D. Garrison (La. #22058)
        Emma Elizabeth Antin Daschbach (La. #27358)
        H.S. Bartlett, III (La. #26795)
        John T. Arnold (La. #31601)
        Bernard E. Boudreaux, Jr. (La. #002219)
        601 Poydras Street, Suite 2655
        New Orleans, Louisiana 70130
        Telephone: (504) 523-2500
        Facsimile: (504) 523-2508

        **VERON, BICE, PALERMO & WILSON, L.L.C.**
        J. Michael Veron (La. #7570)
        J. Rock Palermo, III (La. #21793)
        Alonzo P. Wilson (La. #13547)
        Turner D. Brumby (La. #33519)
        Ashley E. Philen (La. #31285)
        721 Kirby Street (70601)
        P.O. Box 2125
        Lake Charles, Louisiana 70602
        Telephone: (337) 310-1600
        Facsimile: (337) 310-1601

        **COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that on October 24, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of the electronic filing to the

counsel of record for the Defendants.

                                                     */s/ H.S. Bartlett III*
                                                     Harvey S. Bartlett III