# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VINTAGE ASSETS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-713** |
| **TENNESSEE GAS PIPELINE COMPANY, L.L.C. ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Costs and Fees Related to Remand (Doc. 317). For the following reasons, the Motion is DENIED.

## BACKGROUND

The motion before the Court arises out of an unexpected conclusion to a heavily litigated dispute. After pending before this Court for nearly 2-and-one-half years, ten summary judgment motions, and a six-day bench trial, all rulings made by this Court were vacated on appeal for want of diversity subject matter jurisdiction. The Fifth Circuit ordered this removed action to be remanded back to state court. Understandably disgruntled by this turn of events, Plaintiffs have filed the instant motion seeking all reasonable costs and attorneys' fees related to and arising from the remand. Plaintiffs allege that Defendants High Point Gas Transmission, LLC and High Point Gas Gathering,

1

LLC (collectively "High Point entities") possessed knowledge of their citizenship and failed to disclose such.

The timeline of events is as follows. On December 18, 2015, Plaintiffs filed this action against Tennessee Gas Pipeline Company, LLC (TGP) and Southern Natural Gas Company, LLC (SNG) in the 25th Judicial District Court for the Parish of Plaquemines. On January 27, 2016, TGP and SNG removed the matter to this Court on the basis of diversity of citizenship. On October 24, 2016, Plaintiffs amended their Complaint to add the High Point entities, improperly pleading the citizenships of the LLCs as if they were corporations. The High Point entities did not challenge the representation of their citizenships or the jurisdiction of this Court.

Plaintiffs allege that thereafter they propounded discovery requests on each of the High Point entities, seeking detailed descriptions of their corporate history. The entities responded revealing that each entity is owned by a string of parent LLCs, ending with American Midstream, LLC. The High Point entities did not provide information in their discovery responses regarding the members of American Midstream, LLC.

At the prompting of the Fifth Circuit on appeal, the High Point entities revealed for the first time that the sole owner of American Midstream, LLC is American Midstream Partners, LP. American Midstream Partners, LP has a class of limited partners that are holders of "common units," which are publicly traded on the New York Stock Exchange. The High Point entities then represented that on the date they were added to this action, "an individual" who resided in Louisiana held shares in a common unit. Based on this representation, the Fifth Circuit vacated the judgment of this Court and remanded this matter back to this Court to be remanded to state court.

Plaintiffs now seek all reasonable attorney's fees and costs arising out of the remand of this action.

## LAW AND ANALYSIS

Plaintiffs seek an award of attorney's fees and costs under 28 U.S.C. § 1447(c), Federal Rule of Civil Procedure 37, 28 U.S.C. § 1927, and the Court's inherent power. This Court finds that none of these authorizes the award requested by Plaintiffs.

### A. 28 U.S.C. § 1447(c)

Pursuant to 28 USC. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A] district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified."[1] The High Point entities correctly point out that § 1447(c) entitles plaintiffs to an award of attorney's fees and costs "incurred as a result of the removal." The High Point entities did not remove this case to federal court and indeed were not parties at the time of removal. Accordingly, this Court is not authorized under 28 U.S.C. § 1447 to award attorney's fees against them. Section 1447(c) is intended to deter baseless attempts at removal and an award against the High Point entities would be inconsistent with this intent.[2]

---

[1] Coward v. AC & S., Inc., 91 F. App'x 919, 922 (5th Cir. 2004).
[2] *See* Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

## B. Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 37(d)(3) allows an award of expenses for the failure to respond to discovery. Plaintiffs argue that they are entitled to an award under Federal Rule of Civil Procedure 37 because the High Point entities failed to completely answer Plaintiffs' interrogatories seeking jurisdictional facts.

The discovery request at issue asked the High Point entities to describe their corporate histories "including without limitation, its state of incorporation; all name changes, merger or other business combinations; the surviving entity or entities resulting from any such name changes, mergers, or other business combinations' all parent companies, subsidiaries, predecessor, and successor in interest."[3] The High Point entities argue that this request was not intended to confirm jurisdiction, but rather, to ensure the proper entity was named. They point out that Plaintiffs did not request information regarding the members of the High Point entities.

High Point Gas Transmission, LLC responded:

> High Point Gas Transmission, L.L.C. was incorporated as a Delaware limited liability company on September 8, 2011. HPGT is a subsidiary of High Point Gas Transmission Holdings, LLC, a Delaware limited liability company, which is itself a subsidiary of American Midstream, LLC, a Delaware limited liability company.[4]

High Point Gas Gathering, LLC responded:

> High Point Gas Gathering, L.P. was established as a Texas limited partnership on January 27, 2010. High Point Gas Gathering, L.P. was converted to a Texas limited liability company on June 23, 2010, with the resulting name High Point Gas Gathering, L.L.C. HPGG is a subsidiary of High Point Gas Gathering Holdings, LLC, a Delaware limited liability company,

---

[3] Doc. 317-2, p. 44; Doc. 317-3, p. 41.
[4] Doc. 317-2, p. 44.

which is itself a subsidiary of American Midstream, LLC, a Delaware limited liability company.[5]

Plaintiffs argue that the request intended to seek information regarding citizenship. They contend that the High Point entities' responses were incomplete when they stopped the chain of ownership after two layers and before reaching the information relevant to diversity. They allege that this failure to provide a complete response warrants an award of expenses under Federal Rule 37.

This Court disagrees. Plaintiffs' interrogatory is most logically read to request the corporate information of the High Point entities to ensure the appropriate party has been named. The requests do not specifically ask for the citizenship of the members of the High Point entities, and the High Point entities should therefore not be sanctioned for failing to provide that information in their responses.

### C. 28 U.S.C. § 1927

Next, 28 U.S.C. § 1927 states, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Section 1927 sanctions are not to be awarded lightly. They require evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."[6] The High Point entities argue that § 1927 is inapplicable here where they did not act in bad faith and, like Plaintiffs, were unaware that jurisdiction was lacking in this case until the Fifth Circuit required briefing on such. Plaintiffs argue

---

[5] Doc. 317-3, p. 41.
[6] Gonzalez v. Fresenius Med. Care N. Am., 689 F.3d 470, 479 (5th Cir. 2012) (internal quotations omitted).

that the High Point entities showed a reckless disregard by failing to inquire into the jurisdictional facts that they had represented to the Court. This Court finds that any failure of the High Point entities to further investigate their citizenship does not rise to the level of bad faith. In addition, it was Plaintiffs' burden—as the party invoking federal jurisdiction—to plead the citizenship of the High Point entities.[7] There is no evidence that the High Point entities withheld information regarding their citizenship vexatiously or with improper motive.

### D. Inherent Power

Finally, Plaintiffs ask this Court to award fees and costs using its inherent powers. "Federal courts have the inherent power to assess sanctions under certain circumstances, such as when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or has defiled the very temple of justice."[8] "In order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in bad faith."[9] This Court has already held that Plaintiffs have failed to show that the High Point entities acted in bad faith. Accordingly, an award of expenses under the Court's inherent powers would be inappropriate.

---

[7] "[I]t is well established throughout the federal judicial system that the burden of pleading the citizenship of each and every party to the action is on the party seeking to invoke the federal forum on the basis of diversity jurisdiction." 13E ALAN WRIGHT & ARTHUR MILLER, FED. PRAC. & PROC. JURIS. § 3611 (3d ed.). The cases cited by Plaintiffs in support of their argument that the High Point entities carried the burden of establishing federal jurisdiction stand only for the proposition that a removing party bears the burden of establishing federal jurisdiction in the context of fraudulent joinder. *See* Matherne Instrumentation Specialists, Inc. v. Mighty Enterprises, Inc., No. 15-1159, 2015 WL 3505032, at *5 (E.D. La. June 3, 2015) ("[T]he removing party, here Defendant Tsai, bears at all times the burden of establishing federal jurisdiction and thus the fraudulent nature of the joinder of any non-diverse defendant."). In addition, it cannot be disputed that the High Point entities were not the "removing parties."
[8] Matter of Dallas Roadster, Ltd., 846 F.3d 112, 134 (5th Cir. 2017) (internal quotations omitted).
[9] Sandifer v. Gusman, 637 F. App'x 117, 121 (5th Cir. 2015)

## CONCLUSION

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 11th day of April, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**